IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

DENNIS RYAN WHITE                                                                              PLAINTIFF

V.                                        NO.  3:08cv00102 JLH-JWC

TIM CAVANESS                                                                                  DEFENDANT

PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**I.  Instructions**

The following recommended disposition has been sent to United States District Court Chief Judge J. Leon Holmes.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and two copies of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of these findings and recommendations.  A copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge  (if such a  hearing is granted)  was not  offered at  the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR  72201-3325

## II. Recommended Disposition

On July 10, 2008, Plaintiff, a pro se pretrial detainee confined to the Greene County Detention Facility, filed this 42 U.S.C. § 1983 civil rights action (doc. 2) along with a separate but incomplete application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 (doc. 1).  Because Plaintiff failed to submit a calculation sheet that had been properly completed by an authorized official of the incarcerating facility stating the amount of money or securities on deposit in his institutional account for the previous six-month period, in forma pauperis status was denied.

So that the Court could determine how the $350 filing fee would be paid, by order entered July 15, 2008 (doc. 3), Plaintiff was directed to complete and sign a new in forma pauperis application.  At Plaintiff's request, an authorized official of the Greene County Detention Facility was directed to complete and sign the certificate portion of his application, along with the required calculation sheet.  Plaintiff was directed to file the completed in forma pauperis application on or before August 15, 2008.

In addition, Plaintiff's complaint was too vague to enable the Court to determine whether it was frivolous or failed to state a claim for relief under § 1915A.  Accordingly, Plaintiff was also ordered to amend his complaint on or before August 15, 2008, to specifically state: 1) who was personally involved in or had knowledge of the actions of which he complained; 2) who he believed violated his constitutional rights; 3) the names of the individuals he wished to name as Defendants as well as their positions, places of current employment, and addresses; 4) an explanation of how each of these individuals was personally involved in or had knowledge of the actions of which he complained; 5) an explanation of how each of these individuals violated his constitutional rights; and 6) whether he intended to sue Defendants in an individual capacity, official capacity, or both. Plaintiff was instructed to set forth specific facts concerning his allegations including, where applicable, dates, times and places.   Plaintiff was additionally warned that his failure to make a timely and complete response to the Court's order would result in a recommended dismissal of his case without prejudice.

On August 8, 2008, Plaintiff timely responded to the Court's order by filing a new in forma pauperis application in compliance with § 1915(a)'s requirements (doc. 5); accordingly, in forma pauperis status was granted.  Plaintiff, however, did not file an amended complaint.  By order entered August 22, 2008 (doc. 6), Plaintiff was again advised that his failure to immediately respond to the Court's July 15, 2008, order to amend would result in the recommended dismissal of his case without prejudice.

It is clear that Plaintiff received the Court's original July 15, 2008, order as he filed an in forma pauperis application in partial response.  The Court's August 22, 2008, order has not been returned and no responsive filing containing Plaintiff's amended complaint

has been received. Furthermore, the Clerk has certified that a copy of the order was mailed to him personally on August 22, 2008, at his last given address at the Greene County Detention Facility (see doc. 7). Plaintiff has been given two opportunities to amend and has failed to comply with either. For this reason, Plaintiff's case should be dismissed without prejudice due to his failure to prosecute the action diligently and his failure to respond to the Court's order. Fed. R. Civ. P. 41(b) (district court may dismiss case for failure to prosecute or comply with court orders); Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962) (district court has power to dismiss sua sponte under Rule 41(b)); Brown v. Frey, 806 F.2d 801, 803-04 (8th Cir. 1986) (quoting Haley v. Kansas City Star, 761 F.2d 489, 491 (8th Cir. 1985)) (a district court has the power to dismiss an action for the plaintiff's failure to comply with any court order; such a dismissal may be with prejudice if there has been "'a clear record of delay or contumacious conduct by the plaintiff'") (emphasis added); Garrison v. Int'l Paper Co., 714 F.2d 757, 759 (8th Cir. 1983) (it is well settled that the district court has inherent power, acting on its own initiative, to dismiss a cause of action with prejudice for want of prosecution).

### III. Conclusion

In accordance with the above, IT IS, THEREFORE, RECOMMENDED that:

1.  Plaintiff's case should be DISMISSED IN ITS ENTIRETY WITHOUT PREJUDICE.

2.  Any PENDING MOTIONS should be DENIED AS MOOT.

DATED this 16th day of September, 2008.

                                                  UNITED STATES MAGISTRATE JUDGE